IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RUSSELL WILLIAM FOX, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0305 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION**
**TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner RUSSELL WILLIAM FOX has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody seeking release from custody. For the reasons hereinafter expressed, the Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief is without merit and should be DENIED.

I.
PETITIONER'S ALLEGATIONS

Petitioner appears to contend his continued confinement is in violation of the Constitution and laws of the United States because prison authorities have failed to apply his good time and work credits, the application of which would fully discharge his sentence.

II.
## EXHAUSTION OF STATE COURT REMEDIES

Although alleged, it is unclear to this Court whether petitioner has satisfactorily exhausted all available state court remedies with regard to the grounds he raises in this proceeding. However, this Court is authorized to deny relief on an unexhausted claim. 28 U.S.C. § 2254(b)(2); *Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998). Since petitioner's claim is without merit, it is the opinion of the undersigned that this Court should not dismiss petitioner's federal habeas application for any failure to exhaust.

III.
## MERITS OF PETITIONER'S ALLEGATIONS

Petitioner maintains that prison authorities have failed to credit his sentence with earned good time and work credits. Petitioner alleges he is entitled to credit against his sentence for good time and work credits pursuant to the Texas Code of Criminal Procedure Article 37.07 §4(a). However, argues petitioner, prison authorities cite the Texas Government Code § 498.003 to deny him such good time and work credit. The undersigned construes this argument to be a claim that petitioner has fully discharged his sentence because his accrued time credits, including flat, good and work time, total the length of his full sentence. Such claim is without merit.

First, to the extent petitioner argues the Texas Code of Criminal Procedure Article 37.07 §4(a) controls over the Texas Government Code § 498.003 and he should be given credit against his sentence, such claim is nothing more than a challenge to the State's application of its own law. This does not raise an issue appropriate for federal review. As stated in *Moreno v. Estelle*, 717 F.2d 171, 179 (5th Cir. 1983), *cert. denied* 466 U.S. 975, 104 S.Ct. 2353, 80 L.Ed.2d 826 (1984),

> It is not our function as a federal appellate court in a habeas proceeding to review a state's interpretation of its own law... Moreover, Moreno's claim in this regard does not raise an issue beyond those discussed above, which are entirely matters of Texas jurisprudence. The right to examine jurors on the possible range of punishment, has its source in that state's law of criminal procedure, not the federal constitution.

(citations omitted).  See also *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995).

Second, public records reflect petitioner is currently confined in TDCJ-CID pursuant to a 20-year sentence issued in 1992, for the offense of serious bodily injury to a child out of Potter County, Texas.[1]  Petitioner cannot discharge his sentence until approximately 2012.  Texas law provides that good time credits apply only to eligibility for release on parole or mandatory supervision and do not affect the length of an inmate's sentence.  Tex. Gov't Code Ann. § 498.003 (Vernon Supp. 1999); *Ex parte Montgomery*, 894 S.W.2d 324 (Tex.Crim.App. 1995); *see also Ables v. Scott*, 73 F.3d 591, 593 (5th Cir.), *cert. denied*, 116 S.Ct. 1696 (1996) (good time for a Texas state prisoner does not affect the actual length of sentence the prisoner has received).  Consequently, any good time accrued by petitioner does not change or shorten the 20-year sentence petitioner was assessed.  Petitioner has not discharged his sentence and is not entitled to release or habeas corpus relief on this basis.

Finally, according to TDCJ records, petitioner is not eligible for release to mandatory supervision, therefore, any good time credits he has earned apply only toward his eligibility for parole.  Release from "confined" custody in the form of parole to serve the remainder of one's sentence outside prisons walls, subject to specific conditions, is left solely to the discretion of the Board of Pardons and Paroles.  Because this decision of whether to parole or not to parole is

---

[1] Petitioner has cited two cause numbers and it is not clear whether he has one or two convictions and twenty year sentences.  This issue however, is not crucial to the recommendation expressed herein.

discretionary, prisoners in Texas possess no constitutionally protected right to release on parole. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 422 U.S. 1, 7 (1979); *Madison v. Parker*, 104 F.3d 765, 768-69 (5th Cir. 1997); *Allison v. Kyle,* 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 736 (1996); *Gilbertson v. Texas Board of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993). Because petitioner possesses no liberty interest in obtaining release on parole, and since he is ineligible for release on mandatory supervision, no constitutional violation has occurred and his claim does not provide a basis for federal habeas corpus relief. *See Madison, supra*.

For the above reasons, petitioner's grounds are without merit and should be DENIED.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner RUSSELL WILLIAM FOX be DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 9th day of August 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).